UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CITY POCKET LOS ANGELES, INC., et al., <br><br> Defendants. | Case No. 2: 20-cv-7467 AFM <br><br> **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37** |

On June 15, 2021, Plaintiff Shanghai Xuanni Technology Co., Ltd. ("SXT") filed a motion for sanctions against Defendants Pedram Shamekh, NER Precious Metals Inc., Morad Matian and City Pocket Los Angeles Inc. ("Defendants") pursuant to Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 59.) Although the due date has long passed, Defendants have not filed an opposition to the sanctions motion.

## BACKGROUND

In August 2020, Plaintiff SXT filed its initial Complaint in this action, alleging that Defendants had sent SXT purchase orders requesting to buy fabric goods that SXT then sourced and delivered. Defendants did not pay for the goods. SXT alleges

that Defendants are liable for breach of contract and on open book account(s) stated. Defendants are also alleged to be liable for making false promises designed to induce SXT to sell and ship the goods for a small deposit, which allowed the Defendants to receive and to use or sell the goods but left SXT with the balance due. A First Amended Complaint was filed on August 19, 2020, and a Second Amended Complaint was filed on April 16, 2021. Counsel has appeared for Defendants Pedram Shamekh, NER Precious Metals Inc., Morad Matian and City Pocket Los Angeles Inc., and these Defendants filed answers to the First Amended Complaint — although they did not participate in the joint Rule 26 report, have not answered the Second Amended Complaint, and have not engaged in any other activity in this litigation since their answers.

After Defendants failed to respond to SXT's first set of interrogatories and requests for production of documents, SXT filed a motion to compel on March 3, 2021. (ECF No. 38.) Defendants did not meet and confer in advance of the motion to compel as required by the Local Rules, did not join in the required joint stipulation, and did not file an opposition. On March 25, 2021, the Court granted the motion to compel and issued an order (ECF No. 44) requiring Defendants to provide complete responses to the interrogatories without objections and to produce the requested documents. The order included a deadline of April 8, 2021 for Defendants' compliance. Since then, Defendants have done nothing to comply with the order, and Defendants have not attempted to explain their repeated failures to participate in discovery or comply with Court orders and the Local Rules.

### RELEVANT LAW

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders." Those further orders "may include" a range of sanctions, such as adverse inferences, "striking pleadings in whole or in part," and

dismissal of "the action or proceeding in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Recognizing that dismissal or default of an action is "very severe," the Ninth Circuit has held that imposition of a terminating sanction under Rule 37 is justified only where the violation is "due to willfulness, bad faith, or fault" of the party. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). The Ninth Circuit has developed "a five-part test to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1096 (citations and internal quotation marks omitted); *see generally Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) ("The standards governing dismissal for failure to obey a court order are basically the same" under either Rule 37(b)(2) or Rule 41(b)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Id*. (citations omitted). "In deciding whether to impose case-dispositive sanctions, the most critical factor is ... whether the discovery violations threaten to interfere with the rightful decision of the case." *Id*. at 1097 (citations and internal quotation marks omitted); *see also Nanjing Elble Env'tl Prot. Tech. Co. v. RePET, Inc.*, 2018 WL 5115577, at *3–4 (C.D. Cal. Mar. 20, 2018).

## DISCUSSION

As set forth above, SXT has established Defendants' repeated failures to comply with their discovery obligations, Court orders and the Local Rules. Defendants have offered no explanation for their failures, have not alleged that their

actions (or lack thereof) were outside their control, and have made no response at all to these matters. *See Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik*, 2010 WL 457626, at *4 (C.D. Cal. Feb. 4, 2010) ("Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control.") (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993)).

The requirement of willfulness, bad faith, or fault "does not require wrongful intent." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014). Instead, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen*, 320 F.3d at 912 (citation omitted). Further, "[i]n evaluating the propriety of sanctions, the Court considers 'all incidents of a party's misconduct.'" *Blundell v. Cnty. of Los Angeles*, 2010 WL 344320, at *4 (C.D. Cal. Jan. 29, 2010) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990)). Assessing the undisputed record of repeated non-compliance and non-participation in this case, the Court finds that the "willfulness, bad faith, and fault" prerequisite to dispositive sanctions has been plainly shown. There is no possible conclusion other than that these Defendants have willfully and in bad faith ceased all participation in this case and ignored Court orders and rules. *See Sanchez*, 298 F.R.D. at 463-464 (finding that the plaintiff's noncompliance with a discovery order satisfied the "willfulness, bad faith, or fault" requirement where the plaintiff "received the discovery requests, the motion to compel, and the order granting the motion to compel," yet the plaintiff did "not attempt[ ] to show that his repeated failure to comply with discovery obligations ... was outside his control") (citation omitted); *Bump Babies Inc. v. Baby The Bump, Inc.*, 2011 WL 5037070, at *5 (C.D. Cal. Sept. 7, 2011) (imposing Rule 37 terminating sanction, finding that "Defendant possessed the ability to comply with Plaintiffs' discovery requests and the Court's orders, but chose not to do so. Such actions were entirely within her control. As such, she acted willfully."), *report and recommendation adopted*, 2011

WL 5036919 (C.D. Cal. Oct. 20, 2011).

As discussed above, the Ninth Circuit has identified five factors relevant to determining whether dismissal/default is warranted as a sanction under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

The first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh heavily in favor of default here. Defendants have refused to provide discovery and have failed to comply with Court orders and the Local Rules, despite being granted sufficient time in which to do so. It is clear that Defendants and their counsel have totally absented themselves from all aspects of this case. Defendants' conduct hinders the Court's ability to move this case towards disposition and shows that Defendants have no intention of litigating this action diligently and in accordance with Court rules and orders.

As to the third factor, SXT cannot fairly be required to prosecute its claims without the benefit of discovery from Defendants. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (prejudice was "palpable" where a party failed to appear at depositions and failed to comply with court orders to produce discovery). Defendants' refusal to respond to Plaintiff's discovery requests (even after a Court order requiring them to do so) has plainly interfered "with the rightful decision of the case" by obstructing access to the facts and information necessary to resolve this action. *See, e.g., Adriana Int'l Corp.*, 913 F.2d at 1412 ("[R]epeated failure of [plaintiffs] to appear at scheduled depositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case."); *Taek Yoon v. Lee,* 2020 WL 5665484, at *5 (C.D. Cal. Sept. 17, 2020) (dismissal warranted where plaintiff's

5

failure to appear for his deposition, or properly meet and confer regarding his deposition, prejudiced defendants' ability to defend themselves and adequately prepare for trial), *report and recommendation adopted*, 2020 WL 5633422 (C.D. Cal. Sept. 18, 2020); *Reddy v. Gilbert Med. Transcription Serv.*, 2011 WL 13176583, at *6-8 (C.D. Cal. Feb. 4, 2011) (imposing terminating sanctions after pro se plaintiff failed to provide discovery in a timely fashion and twice failed to appear for court-ordered deposition), *aff'd*, 467 F. App'x 622 (9th Cir. 2012). This has been compounded by Defendants' refusal to participate in all other activities in the case.

Regarding the availability of lesser sanctions, Defendants have been warned about their discovery obligations and ordered to respond to SXT's discovery requests. Yet, this has not resulted in compliance by Defendants — or any other participation in this litigation by them over the past months. Given these circumstances, lesser sanctions are not reasonably available here or likely to gain compliance by Defendants.

The fourth factor – public policy in favor of deciding cases on their merits – ordinarily weighs against dismissal. However, Defendants have obligations to participate in this case, respond to discovery, comply with Court orders and Local Rules, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Defendants have wholly failed to discharge these responsibilities despite having been granted sufficient time in which to do so. Instead, Defendants have willfully and deliberately failed to participate in this case since filing their answers. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Defendants' failures to provide required discovery, to comply with Court orders and rules, and to participate in this case.

\\\

\\\

\\\

# CONCLUSION AND ORDER

For the foregoing reasons and after considering the relevant facts and law, the Court grants SXT's motion for sanctions under Fed. R. Civ. P. 37 and finds that default sanctions on the issue of liability against Defendants Pedram Shamekh, NER Precious Metals Inc., Morad Matian and City Pocket Los Angeles Inc. are warranted and necessary.[1] **The Court therefore orders that default judgment be entered in favor of Plaintiff SXT and against Defendants Pedram Shamekh, NER Precious Metals Inc., Morad Matian and City Pocket Los Angeles Inc. only on the issue of liability for the claims alleged in the Second Amended Complaint.** This does not resolve the question of damages to be awarded against Defendants.

Within 45 days of the date of this order, Plaintiff SXT shall file a motion to prove up the amount of its damages. SXT's motion shall be supported by sworn declarations that establish the factual bases for the amount of compensatory damages for which judgment is sought against each of Defendants Pedram Shamekh, NER Precious Metals Inc., Morad Matian and City Pocket Los Angeles Inc. Defendants shall file their oppositions (including any supporting declarations) to SXT's motion on the amount of damages within fourteen days of service of the SXT's motion, and Plaintiff may file a reply within seven days of service of the oppositions.

Plaintiff's counsel shall promptly serve a copy of this opinion and order on Defendants' counsel by email and by U.S. Mail and shall file a corresponding proof

---

[1] *See, e.g., Taek Yoon,* 2020 WL 5665484, at *6 ("Plaintiff's repeated refusal to appear for his deposition, properly meet and confer, and comply with Court orders demonstrates willful misconduct sufficient to justify the imposition of case-dispositive sanctions."); *Ramirez v. Select Portfolio Servs., Inc.*, 2019 WL 6448951, at *2–5 (C.D. Cal. Aug. 12, 2019) (imposing terminating sanctions based on plaintiff's failure to provide discovery and comply with court orders); *Mohamed v. Experian Info. Sols., Inc.*, 2018 WL 6167926, at *3–4 (C.D. Cal. Sept. 10, 2018) (imposing terminating sanctions where plaintiff failed to: "(1) provide discovery responses; (2) appear at a duly noticed deposition; (2) provide Court-ordered verified written discovery responses; (3) produce Court-ordered documents; (4) appear at a Court-ordered deposition; and (5) pay Court-ordered monetary sanctions").

of service.

**IT IS SO ORDERED.**

DATED: 8/9/2021

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE