FELIX T. WOO (CA SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-3960
Facsimile: (213) 344-4498

Attorney for Plaintiff
SHANGHAI XUANNI TECHNOLOGY CO., LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., a Chinese company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY POCKET LOS ANGELES, INC, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, and FARHAD SADIAN, a/k/a FRED SADIAN, an individual,<br><br>Defendants. | Case No. 2:20-cv-07467-AFM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANTS B&F FEDELINI INC. AND FARHAD SADIAN**<br><br>**DATE: NOVEMBER 30, 2021**<br>**TIME: 10:00 A.M.** |

FTW LAW GROUP
601 SOUTH FIGUEROA STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
(213)335-3960

FTW LAW GROUP
601 SOUTH FIGUEROA STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
(213) 335-3960

TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON November 30, 2021, at 10:00 a.m.,
before Magistrate Judge Alexander F. MacKinnon, located at the Roybal Federal
Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA
90012, Courtroom #780, 7th Floor, plaintiff Shanghai Xuanni Technology Co., Ltd.
("SXT") will and hereby does, move for entry of default judgment as to defendants
B&F Fedelini Inc. and Farhad Sadian (a/k/a Fred Sadian) against whom the Clerk
has already entered default (Dkts. 20 and 26).  B&F Fedelini and Mr. Sadian will be
referred to herein as the "Defaulting Defendants."  Plaintiff seeks entry of a
judgment against both defendants for **$183,953.97** in damages, and **$35,483.56** for
prejudgment interest.

This motion is made under Federal Rule of Civil Procedure 55, on the
grounds that good cause exists to enter the judgment requested herein.  The
Defaulting Defendants were served with process, the time for a response passed
with no answer or appearance by them, and default was properly entered.  The
Court has also indicated that it will enter a monetary default judgment as to the
other parties in this case, so it makes sense to finalize a judgment as to the
Defaulting Defendants and resolve this case at this time.

This Motion is based on this Notice of Motion and Motion, the Declaration
of Hua Jun for Plaintiff, and of Felix T. Woo, counsel for Plaintiffs, as well as the
records on file with the Court.

Dated:  October 27, 2021                FTW LAW GROUP


By: _____
     FELIX T. WOO
     Attorney for Plaintiff
     SHANGHAI XUANNI
     TECHNOLOGY CO., LTD.

FTW LAW GROUP
601 SOUTH FIGUEROA STREET, SUITE 1950
LOS ANGELES, CALIFORNIA  90017
(213)335-3960

## MOTION FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) provides for entry of default judgment by the Court.  Under Local Rule 55-1, an application to the Court for default judgment must be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and include the following:

(a) When and against what party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the service members Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e) That notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).  (*See* L.R. 55-1).

## I.     FACTUAL BACKGROUND.

Plaintiff filed this action on August 18, 2020 (Dkt. 1).  The next day, Plaintiff filed a First Amended Complaint (Dkt. 8).  The First Amended Complaint was served on Farhad Sadian, in his personal capacity, and on behalf of B&F Fedelini, on September 1, 2020 and Plaintiff filed proofs of service for such service.  (Dkts. 13 and 14; Woo Decl., ¶ 2).

No answers or responses were filed for B&F Fedelini or Mr. Sadian, and as a result, the Clerk of the Court entered their defaults.  (Dkts. 20 and 26; Woo Decl., ¶ 3).

Neither Mr. Sadian nor B&F Fedelini are an infant or incompetent person, nor does Plaintiff believe Mr. Sadian to be a service member.  (Woo Decl., ¶ 4-5).

## II.   PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT.

Under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the following factors are considered in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (the "Eitel Factors").

Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true.  However, allegations pertaining to the amount of damages must be proven up.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Under Rule 55(b)(2), the Court may rely on the plaintiff's evidence and written testimony as to damages in fixing this amount.  *Garden City Boxing Club, Inc. v. Aranda*, 384 F. App'x 688, 689 (9th Cir. June 21, 2010).

Here, Plaintiff has previously submitted the declaration of Hua Jun as to the damages suffered by Plaintiff based on the conduct of the defendants at issue in this case, including the Defaulting Defendants.  That declaration is included with this Motion.

As for the contract damages at issue against B&F Fedelini, Plaintiff testifies that based on its records, "[o]n August 21, 2019, SXT shipped to B&F goods totaling $229,942.47.  B&F paid a deposit of $45,988.50, leaving an unpaid balance of **$183,953.97** due as of November 21, 2019."  (Hua Jun Decl., ¶ 12.c).

FTW LAW GROUP
601 SOUTH FIGUEROA STREET, SUITE 1950
LOS ANGELES, CALIFORNIA  90017
(213) 335-3960

1    Plaintiff is also entitled to interest on this sum due based on California law

2  and diversity jurisdiction.  *James B. Lansing Sound, Inc. v. National Union Fire*

3  *Ins. Co.*, 801 F.2d 1560, 1569 (9th Cir. 1986); *Northrop v. Triad Intern. Marketing,*

4  *S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988).  Plaintiff's declaration asserted that

5  based on California's 10% rate for prejudgment interest, the daily rate of interest

6  based on the $183,451.29 past due is $50.26 per day).  As of the date of this Motion

7  (October 27, 2021) that sum is $50.26 X 706 = **$35,483.56**.

8    As to Farhad Sadian, the First Amended Complaint and Plaintiff's

9  declaration alleges in the Ninth Claim for Relief that Mr. Sadian made false

10  promises and fraudulently induced Plaintiff into making the subject transactions

11  alleged in that pleading, that Mr. Sadian, as the principal for B&F, never intended

12  to pay for the goods in their entirety upon receipt of those shipments, as evidenced

13  by his non-payment, delays in responding to Plaintiff and generally just ignoring

14  plaintiff's requests for payment.  The First Amended Complaint also alleges that

15  Mr. Sadian is B&F's alter ego in the Twelfth Claim for Relief, which is another

16  basis to find Mr. Sadian personally liable for B&F's debt.  Thus, there are legal and

17  factual grounds to find Mr. Sadian independently liable for the same sum of

18  damages for which Plaintiff has been damaged based on the contract/open book

19  account claims against B&F.

20    Here, Mr. Sadian was personally served with process, and ignored this case.

21  He also ignored Plaintiff's pre-lawsuit demands.  Plaintiff will suffer prejudice if

22  judgment is not entered on debts outstanding since 2019, as it will have no other

23  means of attempting to enforce those rights to payment other than by filing this

24  lawsuit.  It is not Plaintiff's fault Mr. Sadian decided to further ignore Plaintiff's

25  enforcement efforts.

26    Therefore, Plaintiff requests that the Court also enter judgment against Mr.

27  Sadian personally for **$183,953.97** in damages, and **$35,483.56** for prejudgment

28  interest.

FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California  90017
(213) 335-3960

- 4 -

1

2    Dated:  October 27, 2021                    FTW LAW GROUP

3

4

5    By: _____

6    FELIX T. WOO
     Attorney for Plaintiff
7    SHANGHAI XUANNI
     TECHNOLOGY CO., LTD.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FTW LAW GROUP
601 SOUTH FIGUEROA STREET, SUITE 1950
LOS ANGELES, CALIFORNIA  90017
(213) 335-3960

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action.  My business address is:  ☒  601 South Figueroa Street, Suite 1950, Los Angeles, CA 90017.

On October 28, 2021, I served the following documents described below on the interested parties in this action:  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANTS B&F FEDELINI INC. AND FARHAD SADIAN; DECLARATION OF HUA JUN IN SUPPORT THEREOF; DECLARATION OF FELIX T. WOO IN SUPPORT THEREOF**

Farhad Sadian (or Fred Sadian)

B&F Fedelini Inc.

5618 Amorita Place

Woodland Hills, CA 91367


☒  **(VIA MAIL)**  I placed a true copy of the foregoing documents in an envelope addressed to each interested party as set forth above.  I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service on this date.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2021, at Los Angeles, California.



_____

Felix T. Woo