O

# United States District Court
# Central District of California

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CITY POCKET LOS ANGELES, INC., et al., <br><br> Defendants. | Case No. 2:20-cv-07467-ODW (AFMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS [59] AND GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [69]** |

## I. INTRODUCTION

Plaintiff Shanghai Xuanni Technology Co., Ltd. ("SXT") moves for sanctions against Defendants Pedram Shamekh, NER Precious Metals Inc., Morad Matian, and City Pocket Los Angeles, Inc. pursuant to Federal Rule of Civil Procedure ("Rule") 37. (Mot. Sanctions, ECF No. 59.) SXT also moves for entry of default judgment against Defendants B&F Fedelini, Inc. and Farhad Sadian pursuant to Rule 55. (Mot. Default J., ECF No. 69.) For the reasons discussed below, the Court **GRANTS** SXT's motions.[1]

---

[1] After carefully considering the papers filed in support of the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In August 2020, SXT filed its initial Complaint in this action against Defendants Pedram Shamekh and NER Precious Metals Inc. (together, "NER Defendants"), Morad Matian and City Pocket Los Angeles, Inc. (together, "City Pocket Defendants"), and B&F Fedelini, Inc. and Farhad Sadian (together, "B&F Defendants"; collectively with NER Defendants and City Pocket Defendants, "Defendants"). (Compl., ECF No. 1.) SXT alleges that Defendants sent SXT purchase orders requesting to buy fabric goods that SXT then sourced and delivered. (*Id.* ¶¶ 10–12.) Defendants did not pay for the goods. (*Id.* ¶¶ 15–18.) SXT alleges that Defendants are liable for breach of contract and on open book/account stated. (*See id.* ¶¶ 27–53.) SXT also alleges that Defendants made false promises designed to induce SXT to sell and ship the goods for a small deposit, which allowed Defendants to receive and use or sell the goods, but left SXT with the balance due. (*See id.* ¶¶ 54–71.) On August 19, 2020, SXT filed a First Amended Complaint ("FAC") adding claims for alter ego liability, and on April 16, 2021, SXT filed a Second Amended Complaint ("SAC") adding Defendant Almont Wilshire LLC and a claim seeking to void Matian's fraudulent transfer of property to Almont. (FAC ¶¶ 75–102, ECF No. 8; SAC ¶¶ 103–13, ECF No. 46.)

NER Defendants and City Pocket Defendants have appeared and filed answers to the FAC. (*See* Answers, ECF No. 21, 22, 28, 29.) However, since then, they have refused to participate in the joint Rule 26 report, answer the SAC, respond to discovery requests, or comply with orders compelling discovery responses. Accordingly, SXT moved for Rule 37 sanctions against them. (*See* Mot. Sanctions.) Magistrate Judge Alexander F. MacKinnon granted SXT's Motion for Sanctions and entered default judgment as to the liability of NER Defendants and City Pocket Defendants. (Op. & Order Granting Sanctions 7, ECF No. 61.) That Order was subsequently vacated for want of jurisdiction and SXT's Motion for Sanctions is now pending before this Court. (*See* Min. Order Consent Proceed, ECF No. 78; Min. Order Reassign, ECF No. 80.)

2

B&F Defendants have not appeared in this action and, on September 25 and 29, 2020, the Clerk entered their default against them on the FAC at SXT's request. (Default B&F, ECF No. 20; Default Sadian, ECF No. 26.) SXT now moves for entry of default judgment against B&F Defendants. (*See* Mot. Default J.) SXT also submits documents and declaration testimony supporting the monetary damages sought from each Defendant. (*See* Decl. Hua Jun ("First Jun Decl."), ECF No. 64; Decl. Hua Jun ("Second Jun Decl."), ECF No. 70.)

### III.     MOTION FOR SANCTIONS—NER & CITY POCKET DEFENDANTS

SXT moves for sanctions pursuant to Rule 37 against NER Defendants and City Pocket Defendants. (*See* Mot. Sanctions.) The Court has reviewed the motion, the records and files in this action, and Judge MacKinnon's Opinion and Order granting SXT's motion, now vacated on jurisdictional grounds. More than seven months have passed since SXT filed its Motion for Sanctions, five months since Judge MacKinnon found terminating sanctions appropriate, and two months since this Court took the matter under submission. In all that time, NER Defendants and City Pocket Defendants have not filed any opposition, objection, or other response.

The Court finds Magistrate Judge MacKinnon's Opinion and Order Granting Plaintiff's Motion for Sanctions under Fed. R. Civ. P. 37 well-reasoned and thorough. The Court adopts it here and **GRANTS** SXT's Motion for Sanctions. The Court will reissue the Opinion and Order substantively in full. As stated therein, **default judgment shall be entered in favor of SXT and against NER Defendants and City Pocket Defendants, only on the issue of liability for the claims alleged in the SAC**. This does not resolve the question of damages to be awarded against NER Defendants and City Pocket Defendants, which is addressed below.

### IV.     MOTION FOR DEFAULT JUDGMENT—B&F DEFENDANTS

SXT also moves for entry of default judgment against B&F Defendants. (*See* Mot. Default J.)

3

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Rule 55 and Local Rule 55-1.  Local Rule 55-1 requires that motions for default judgment include: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice, if required under Rule 55(b)(2).  C.D. Cal. L.R. 55-1.  Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  Rather, courts consider seven factors, the "*Eitel*" factors, in exercising discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**A.  Procedural Requirements**

SXT satisfies the procedural requirements for entry of default judgment.  The Clerk entered default against B&F Defendants on September 25, and 29, 2020, on the FAC filed on April 16, 2021. (Default B&F; Default Sabian.)  SXT's counsel declares that B&F Defendants are not infants, incompetent persons, or servicemembers.  (Decl. Felix T. Woo ¶¶ 4–5, ECF No. 71.)  Thus, the procedural requirements are satisfied and the Court may exercise its discretion in entering default judgment.

B. *Eitel* Factors

The Court finds that the *Eitel* factors favor entry of default judgment against B&F Defendants on SXT's FAC breach of contract claim. **First**, SXT would suffer prejudice absent entry of default judgment because it would have no other recourse to recover against B&F Defendants for their breach. *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (reasoning that denial of default judgment results in prejudice when it leaves a plaintiff without recourse to recover). **Second and third**, SXT "state[s] a claim on which [it] may recover" against both B&F Defendants. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). SXT alleges it and B&F entered a contract to buy and sell goods, SXT performed its obligations by shipping the goods and sending B&F invoices, and B&F breached the agreement by failing to pay the sums due, thereby damaging SXT in the amount unpaid. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990) (listing these elements for breach of contract); (FAC ¶¶ 36–37). Further, SXT alleges facts establishing that Sadian "is the alter ego of the company he owns or controls, B&F, and that each is liable for their liability and debts to SXT." (FAC ¶¶ 94–101.) Thus, SXT states a claim on which B&F Defendants are liable.

**Fourth**, there is little concern that the amount at stake is disproportionate to the harm alleged because SXT seeks to recover only the amount owed in contract damages and prejudgment interest. *See Landstar*, 725 F. Supp. 2d at 921 (assessing whether the recovery sought is proportional to the harm caused by defendant's conduct); (FAC ¶¶ 18, 36–38, Prayer for Relief.) **Fifth**, the allegations in SXT's FAC are presumed true on default, meaning B&F Defendants' failure to appear minimizes the possibility that materials facts could be in dispute. *See PepsiCo*, 238 F. Supp. 2d at 1177 (finding entry of default resulted in no genuine dispute of material facts). **Sixth**, nothing in the record suggests B&F Defendants' failure to appear is a result of excusable neglect.

The **seventh** and final consideration is that "default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible."

*Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, B&F Defendants have failed to appear or otherwise respond, making "a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, this factor does not prevent the Court from entering judgment by default. *See Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except this last one weighed in the plaintiff's favor).

In sum, the *Eitel* factors weigh in favor of entering a default judgment against B&F Defendants on SXT's claims for breach of contract and alter ego liability. SXT seeks the same relief on all claims it asserts against B&F Defendants; therefore, the Court does not reach SXT's other claims, for Account Stated and False Promise.

## V. DAMAGES

SXT seeks to recover monetary damages in the amounts of unpaid balances: from B&F Defendants, $183,953.97 due as of November 21, 2019; from NER Defendants, $1,049,806.12 due as of December 4, 2019; and from City Pocket Defendants, $892,660.66 due as of January 7, 2020. (Mot. Default J. 3–4; First Jun Decl. ¶¶ 9–11.) SXT also seeks 10% prejudgment interest on these amounts from the date each sum was due. (Mot. Default J. 4; First Jun Decl. ¶ 12.) Although the Court may rely on SXT's evidence and written testimony in calculating a damages award, *Garden City Boxing Club, Inc. v. Aranda*, 384 F. App'x 688, 689 (9th Cir. June 21, 2010), the Court may also conduct a hearing to determine damages, Fed. R. Civ. P. 55(b)(2)(B). The Court has reviewed the evidence and declarations SXT submitted and finds the Court would benefit from testimony explaining SXT's calculations. Accordingly, the Court sets a hearing via Zoom on **February 28, 2022, at 1:30 p.m.**, for SXT to prove its damages.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** SXT's Motion for Sanctions and orders that default judgment be entered in favor of SXT and against Defendants Shamekh, NER, Matian, and City Pocket, only on the issue of liability for

the claims alleged in the SAC.  (ECF No. 59.)  The Court also **GRANTS** SXT's Motion for Default Judgment and orders that default judgment be entered in favor of SXT against Defendants B&F and Sadian, only on the issue of liability for the breach of contract and alter ego claims alleged in the FAC.  (ECF No. 69.)

        The Court sets a Zoom **hearing on February 28, 2022, at 1:30 p.m.**, for SXT to prove its damages.  SXT should be prepared to demonstrate, through witness testimony and the documentary evidence submitted to the Court, (*see* First Jun Decl.), how the evidence supports the requested monetary damages.  Defendants shall file a notice regarding their intent to appear at the hearing to offer testimony or evidence in opposition no later than **February 14, 2022**.  Defendants shall include any proposed opposition evidence with the notice.

        SXT's counsel shall promptly serve a copy of this Order on Defendants' counsel by email and by U.S. Mail and shall file a corresponding proof of service.

**IT IS SO ORDERED.**

January 31, 2022

                                             _____
                                                    **OTIS D. WRIGHT, II**
                                          **UNITED STATES DISTRICT JUDGE**