MORAD MATIAN
137 S. Reeves Drive. # 405
Beverly Hills CA 90212
Tel.: 213-675-4353
Email: moradmatian@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI XUIANNI TECHNOLOGY CO., LTD., a Chinese company,<br><br>              Plaintiff,<br><br>        vs.<br><br>CITY POCKET LOS ANGELES, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS, INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, FARHAD SADIAN, a/k/a FRED SADIAN, an individual, and ALMONT WILSHIRE, LLC, a California limited liability company<br><br>              Defendants. | CASE NO. 2:20-cv-07467<br><br>**NOTICE OF MOTION AND MOTION FOR REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY AND REMOVAL OF PREVIOUS COUNSEL OF RECORD, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MICHAEL J. CALLON IN SUPPORT THEREOF, PROPOSED ORDER ATTACHED**<br><br>Date:          October 31, 2022<br>Time:          1:30 p.m.<br>Courtroom:  5D |

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on October 31, 2,022 at 1:30 p.m., or as soon

thereafter as this matter may be heard in the above-entitled Court located at 350 W.

1    Morad Matian, the Defendant in this case, will move this Court to request for

2

3    approval of substitution of attorney and removal of previous counsel of record for good

4    cause, in accordance with 28 USC Section 1655.

5    This motion is based upon the Memorandum of Points and Authorities,

6    Declaration of Morad Matian in Support, the complete files and records in this action,

7

8    and upon such oral and documentary evidence as may be allowed at the hearing of this

9    motion.

10

11

12    Dated: 9/30/2022                    Respectfully submitted,

13

14

15    _____

16    MORAD MATIAN, Defendant in Pro Per.

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

1. **<u>Prior Counsel Failed to Notify Defendant of Court Proceedings which led to disciplinary actions and disbarment.</u>**

Excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). The U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either Rule 6 or Rule 60. In a passing reference endorsing the standard of excusable neglect enunciated by the court below, the factors to be considered in excusable neglect are (in no particular order):

1. Whether the delay in filing was within the reasonable control of the movant;

2. The length of the delay and the delay's potential impact on judicial proceedings;

3. The danger of prejudice to the non-moving party; and

4. Whether the movant acted in good faith.

One of the underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are

1    ordinarily disfavored). It is an oft-stated but often undervalued principle of the federal

2    civil procedure system that cases should, in the main, be decided *on the merits*, not on

3

4    technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015)

5    (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247

6

7    (NDNY 2014) and observing that there is a strong preference for resolving disputes on

8    the merits).

9        The Defendant was not notified by his prior counsel of any court proceedings

10   and actions filed against him.  This led to prior counsel of having disciplinary actions

11

12   filed against him and the results of being disbarred.  This put Defendant at great

13   vulnerability of not knowing the outcome of this case action taken against Defendant.

14

15

16

17   _____

18   MORAD MATIAN, Defendant in Pro Per.

19

20

21

22

23

24

25

26

27

28

1  MORAD MATIAN
2  137 S. Reeves Drive. # 405
   Beverly Hills CA 90212
3  Tel.: 213-675-4353
4  Email: moradmatian@gmail.com

5

6
                    UNITED STATES DISTRICT COURT
7
8                  CENTRAL DISTRICT OF CALIFORNIA

9

10

11  SHANGHAI XUIANNI TECHNOLOGY    CASE NO. 2:20-cv-07467
    CO., LTD., a Chinese company,

12            Plaintiff,

13       vs.                         **SUPPORTING CLARATION OF MORAD MATIAN**

14  CITY POCKET LOS ANGELES, a
    California corporation, MORAD
15  MATIAN, a/k/a MORAD MATYAN, an
    individual, NER PRECIOUS METALS,
16  INC., a California corporation, PEDRAM
    SHAMEKH, an individual, B&F
17  FEDELINI INC., a California corporation,
    FARHAD SADIAN, a/k/a FRED
18  SADIAN, an individual, and ALMONT
    WILSHIRE, LLC, a California limited
19  liability company

20            Defendants.

21

22

23

24       1.  I make this declaration of my own personal knowledge, except were stated on

25  Information and belief, and if called to testify in Court on these matters, I could do so

26  competently.

27       2.  I am the Defendant, named in this action I make this declaration in support

28  Of this motion for request of substitution of attorney and removal of prior counsel in

this case.

3.  I contend that my failure to respond, was the result of inadvertence, surprise, mistake, or excusable neglect or lack of notice for the following reasons of prior counsel failing to notify me in a timely fashion of case proceeding deadlines.

4.    The following facts support these defenses to this lawsuit are based on prior counsel's misconduct of this proceeding and the status of prior counsel's disciplinary actions and disbarment actions taken against him.  Further, prior counsel is nowhere to be found of any contact information listed.

5.    I have no reason to believe Plaintiff will suffer prejudice if the Court grants this motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 30, 2,022, in Beverly Hills,California.

_____
Morad Matian/Signature of Declarant

MORAD MATIAN
137 S. Reeves Drive. # 405
Beverly Hills CA 90212
Tel.: 213-675-4353
Email: moradmatian@gmail.com

Defendant in Pro Per.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SHANGHAI XUIANNI TECHNOLOGY CO., LTD., a Chinese company, | CASE NO. 2:20-cv-07467 |
|---|---|
| Plaintiff, | |
| vs. | PROPOSED ORDER |
| CITY POCKET LOS ANGELES, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS, INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, FARHAD SADIAN, a/k/a FRED SADIAN, an individual, and ALMONT WILSHIRE, LLC, a California limited liability company | |
| Defendants. | |

Having considered Defendant's Motion and finding good cause therefore, IT IS

HEREBY ORDERED that Defendant's Motion for Request of Substitution of

//

1    Attorney and Removal of Prior Counsel of Record is GRANTED.

2

3

4    DATED: _____          _____
                                        Honorable Otis D. Wright
5                                       Judge of the District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORAD MATIAN
137 S. Reeves Drive. # 405
Beverly Hills CA 90212
Tel.: 213-675-4353
Email: moradmatian@gmail.com


Defendant in Pro Per.


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| SHANGHAI XUIANNI TECHNOLOGY CO., LTD., a Chinese company, | CASE NO. 2:20-cv-07467 |
| Plaintiff, | |
| vs. | PROOF OF SERVICE |
| CITY POCKET LOS ANGELES, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS, INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, FARHAD SADIAN, a/k/a FRED SADIAN, an individual, and ALMONT WILSHIRE, LLC, a California limited liability company | |
| Defendants. | |

I, Alejandro Peters, declare as follows:

My address is 6262 Van Nuys Blvd. which is located in the county where the mailing described below took place. On September 30, 2022, I served the document(s) described as:

NOTICE OF MOTION AND MOTION FOR REQUEST FOR APPROVAL OF
SUBSTITUTION OF ATTORNEY AND REMOVAL OF PREVIOUS COUNSEL
OF RECORD, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF, AND SUPPORTING DECLARATION OF MORAD MATIAN,
PROPOSED ORDER

On all interested parties in this action by placing a true and correct copy thereof in

a sealed envelope, with first-class postage prepaid thereon, and deposited said

envelope in the United States mail at or in Van Nuys, California.

addressed to:

Felix T. Woo
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, CA 90017

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2022 at Van Nuys, California.

Alejandro Peters