FELIX T. WOO (CA SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 335-3960
Facsimile:   (213) 344-4498

Attorney for Plaintiff
SHANGHAI XUANNI TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., a Chinese company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY POCKET LOS ANGELES, INC, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, FARHAD SADIAN, a/k/a FRED SADIAN, an individual, and ALMONT WILSHIRE, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:20-cv-07467-ODW<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AS TO THIRTEENTH CLAIM FOR RELIEF**<br><br>**DATE:  NOVEMBER 14, 2022**<br>**TIME:   1:30 P.M.** |

# MEMORANDUM IN SUPPORT OF
# MOTION FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) provides for entry of default judgment by the Court. Under Local Rule 55-1, an application to the Court for default judgment must be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and include the following:

>   (a) When and against what party the default was entered;
>   (b) The identification of the pleading to which default was entered;
>   (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
>   (d) That the service members Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
>   (e) That notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). (*See* L.R. 55-1).

## I. FACTUAL BACKGROUND.

Plaintiff filed this action on August 18, 2020 (Dkt. 1).

The Second Amended Complaint was filed with leave of court on April 16, 2021 (Dkts. 45 and 46). At that time, Mr. Matian had already appeared in the action and he was served through the filing of the amended pleading on ECF. (*Id.*) Plaintiff SXT served Almont Wilshire through its agent for service of process, Mr. Matian, personally, on April 22, 2021 (Dkt. 50 – proof of service).

Neither Mr. Matian or Almont Wilshire responded to the Second Amended Complaint and their defaults were entered in the docket (Dkts. 53 and 58).

Neither Mr. Matian nor Almont Wilshire are infants or incompetent person, nor does Plaintiff believe Mr. Matian to be a service member. (Woo Decl., ¶¶ 2-3).

- 1 -

## II. THE COURT MAY ENTER A JUDGMENT FINDING THAT THE TRANSFER MADE BY MORAD MATIAN TO ALMONT WILSHIRE ALLEGED IN THE THIRTEENTH CLAIM FOR RELIEF WAS A VOIDABLE TRANSFER UNDER CALIFORNIA LAW.

Publicly recorded documents concerning real property ownership and transfers are matters on which the Court may take judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (*citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). Plaintiff has provided evidence with its Request for Judicial Notice for each real property document, showing that they were in fact recorded and this is sufficient to show that the documents are public records. *See Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010); *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1057–58 (C.D. Cal. 2008).

Here, real property records show that from 2010 until August of 2020, Mr. Matian was the title owner of the real property located at 121 S. Almont Drive, Beverly Hills, California. (RJN, Ex. A).

The Second Amended Complaint pleads that from June 2020 through late August 2020, Plaintiff SXT notified Mr. Matian that it was pursuing legal action against him to collect the underlying debts alleged in this lawsuit. (SAC at ¶ 105). Communications were sent to Mr. Matian (Woo Decl., ¶ 5) and attempts to serve him with the lawsuit in this case commenced on August 22, 2020 (Woo Decl., ¶ 6). (SAC at ¶ 106).

The Second Amended Complaint pleads that Mr. Matian purported to execute a Grant Deed on August 25, 2020 transferring the Almont property from himself to Almont Wilshire, a company for which he is the sole member, owner and manager, and also the entity's agent for service of process. (SAC at ¶ 107; RJN, Ex. B).

Mr. Matian did not notarize that Grant Deed until September 1, 2020, and

recorded it on September 9, 2020. (SAC at ¶ 108; RJN, Ex. C). In between those two dates, besides the prior communications and service of process attempts made earlier (SAC ¶¶ 105 and 106), Mr. Matian was served with the First Amended Complaint in this case on September 5, 2020. (SAC at ¶ 109).

The Grant Deed reflects that no consideration was paid for the transfer based on no documentary tax being assessed, and the deed stating that the grantor and grantee are the "same parties." (RJN, Ex. C).

The Second Amended Complaint alleges that based on these facts above, which are accepted to be true on a default, upon learning of SXT's attempts to enforce its debt against him, Mr. Matian quickly formed and transferred to Almont Wilshire his interest in 121 S. Almont Drive property.

That transfer is voidable as to SXT under California Civil Code section 3439.04(a), which provides that: "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation" "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."

Moreover, subsection (2) of section 3439(a) also applies, in that these two Defendants caused the recording of the transfer "(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (B) [i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." By transferring the real property out of his own name at a time that he knew SXT was seeking to enforce a substantial debt against him, Mr. Matian reduced his available personal assets and transferred a substantial asset to a related entity that he still controlled.

Moreover, under Civil Code section 3439(b), "[i]n determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following" which are relevant here, including: "[w]hether the transfer or obligation was to an insider," which it was here as Almont Wilshire LLC is owned and controlled by Matian, "[w]hether the debtor retained possession or control of the property transferred after the transfer," which is also true here, and "[w]hether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit," which also occurred here, as alleged in specific paragraphs of the Second Amended Complaint noting that from June 2020, Mr. Matian was aware that SXT was pursuing him for the debt, and that in August, it was attempting to serve him with process.

## III.   PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT.

Under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the following factors are considered in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (the "Eitel Factors").

Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Here, Mr. Matian and the company he owns (and for which he is the agent for service of process) were personally served with process on several occasions, including for this very pleading and these claims, and they ignored this new claim. Mr. Matian also ignored Plaintiff's pre-lawsuit demands. Thus, there is no basis to find excusable neglect that would justify denying the relief sought here.

Plaintiff has already obtained a monetary judgment by this Court as to Mr. Matian. It will suffer prejudice if a further judgment is not entered to address Mr. Matian's attempt to put his assets out of the reach of SXT. In the absence of the default judgment sought here, SXT's avenue of available assets against which it can enforce the Court's judgment of $ 890,675.94 (Dkt. 93) will be diminished by the equity value of the real property at 121 S. Almont Drive that Mr. Matian personally owned just before being served with this lawsuit.

Therefore, Plaintiff requests that the Court also enter judgment against Mr. Matian and Almont Wilshire setting aside the voidable transfer dated September 9, 2022 in the form of the Grant Deed purporting to transfer the 121 S. Almont Drive property from Mr. Matian to Almont Wilshire.

Dated: October 5, 2022              FTW LAW GROUP

By: *Felix Woo*
FELIX T. WOO
Attorney for Plaintiff
SHANGHAI XUANNI
TECHNOLOGY CO., LTD.

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is: ☒ 601 South Figueroa Street, Suite 1950, Los Angeles, CA 90017.

On October 5, 2022, I served the following documents described below on the interested parties in this action: **PLAINTIFF'S NOTICE OF MOTION; MOTION FOR DEFAULT JUDGMENT AS TO THIRTEENTH CLAIM FOR RELIEF; DECLARATION OF FELIX T. WOO; REQUEST FOR JUDICIAL NOTICE**

Morad Matian

137 S. Reeves Drive, # 405

Beverly Hills, CA 90212

☒ **(VIA MAIL)** I placed a true copy of the foregoing documents in an envelope addressed to each interested party as set forth above. I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service on this date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2022, at Los Angeles, California.

_____
Felix T. Woo