FELIX T. WOO (CA SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-3960
Facsimile: (213) 344-4498

Attorney for Plaintiff
SHANGHAI XUANNI TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., a Chinese company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY POCKET LOS ANGELES, INC, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, and FARHAD SADIAN, a/k/a FRED SADIAN, an individual,<br><br>Defendants. | Case No. 2:20-cv-07467-ODW (AFM)<br><br>**DECLARATION OF FELIX T. WOO IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO THIRTEENTH CLAIM FOR RELIEF**<br><br>**DATE: NOVEMBER 14, 2022**<br>**TIME: 1:30 P.M.** |

Felix T. Woo declares as follows:

1. I am an attorney at law duly licensed to practice in the State of California and a member of the bar of this Court. I am lead counsel for Plaintiff in this action. I make this declaration on my own personal knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2. Based on the information available to me, I believe neither Mr. Matian nor Almont Wilshire are infants or incompetent persons.

3. Based on the information available to me, I do not believe Mr. Matian to be a service member.

4. I filed this lawsuit for Plaintiff Shanghai Xuanni Technology Co., Ltd. ("SXT") on August 18, 2020.

5. Prior to filing suit in August 2020, I attempted to informally resolve the debts SXT was seeking to enforce against the defendants by calling and writing to each of them individually. For example, I sent Mr. Matian emails on June 3, 2020 and June 29, 2020 attempting to discuss SXT's claims and an attempt to resolve the claims. I also called the phone numbers listed for Mr. Matian's company, City Pocket Los Angeles, and left voicemails asking him to return my call that same month. Mr. Matian never responded to me.

5. Immediately after the lawsuit was filed as of August 18, 2020, I worked with my process service company Ace Legal Services to attempt to serve the defendants in this case. On August 22, 2020, attempts were made to serve Mr. Matian at the 121 S. Almont Drive address, as well as two separate addresses for City Pocket Los Angeles located in downtown Los Angeles. Service was not successful at the two business addresses and a person claiming to be a renter at the Almont address claimed that Mr. Matian did not live there.

6. Starting on August 30, 2020, based on facts I learned from a private investigator, I directed my process servers to attempt to serve Mr. Matian at a condominium address in Beverly Hills at 137 S. Reeves Drive, Apt 405, where

- 1 -

initially, the occupants pretended not to speak English and also claimed to the process servers that Mr. Matian did not live there. After several attempts, including on August 30 and September 1, 2020, Mr. Matian was served at that address (which is the same address Mr. Matian now lists for himself – see Dkt. 96) through substitute service.

6. A few weeks later, while again searching for assets and properties owned by Mr. Matian, I discovered that on September 9, 2020, after I had filed this lawsuit for SXT and had process servers attempt to serve Mr. Matian at multiple locations, Mr. Matian had transferred his property at 121 S. Almont Drive from himself to an entity that he had then only recently formed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 5, 2022, in Los Angeles, California.

_____
Felix T. Woo

- 2 -