DocuSign Envelope ID: 1BAB0875-B88C-4BC8-0C1B-25578A9EEE10

Michael J. Callon SBN 238431
LEGAL EXPRES
6262 Van Nuys Blvd, Unit A
Tel. (818) 888-8333
Email: legalexpresoffice@gmail.com

Attorney for
ALMONT WILSHIRE, LLC

## UNITED STATES DISTRICT COURT

For the

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI XUIANNI TECHNOLOGY CO., LTD., a Chinese company,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY POCKET LOS ANGELES, a California corporation, MORAD MATIAN, a/k/a MORAD MATYAN, an individual, NER PRECIOUS METALS, INC., a California corporation, PEDRAM SHAMEKH, an individual, B&F FEDELINI INC., a California corporation, FARHAD SADIAN, a/k/a FRED SADIAN, an individual, and ALMONT WILSHIRE, LLC, a California limited liability company<br><br>        Defendants. | CASE NO. 2:20-cv-07467<br><br>**DEFENDANT ALMONT WILSHIRE, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT: POINTS AND AUTHORITIES, DECLARATION OF MORAD MATIAN**<br><br><u>Hearing on Motion to Set Aside</u>:<br>Date: 12/5/2022<br>Time: 1:30pm<br>Dept.: D |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

    **NOTICE IS HEREBY GIVEN** that on December 5, 2022, at 1:30 p.m., or

as soon thereafter as the matter may be heard, in Department D of the above

entitled Court, located at 350 W. 1st St., 5th Floor, Los Angeles, CA 90012,

Defendant ALMONT WILSHIRE, LLC ("ALMONT") will, and hereby does,

move to set aside the default judgment against it that was entered on May 28, 2021, for failure to file a responsive pleading to the second amended complaint.

The motion will be made pursuant to Federal Rules of Civil Procedure, Rule 55(c) and Rule 60(b)on the grounds that ALMONT'S failure to file a responsive pleading was the result of mistake, inadvertence, surprise, or excusable neglect" and that good cause exists for the court to set aside the default judgment.

The motion will be based on this notice of motion, on the declaration of Morad Matian, and the supporting memorandum set forth below, the proposed order to set aside the default judgment, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

Dated: 10/26/2022                              LEGAL EXPRES

By: _____Michael Callon_____
Michael J. Callon, attorney for
ALMONT WILSHIRE, LLC

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTANCE, AND EXCUSABLE NEGLECT

## MEMORANDUM OF POINTS AND AUTHORITIES

# I.    INTRODUCTION

Plaintiff SHANGHAI XUIANNI TECHNOLOGY CO., LTD ("Plaintiff") filed its second amended complaint in this action on April 16, 2021.  Defendant ALMONT WILSHIRE, LLC ("ALMONT") was served with the second amended complaint on April 22, 2021.  The second amended complaint alleges one cause of action against ALMONT to void fraudulent transfer designed to evade a creditor.  Default was entered against ALMONT on May 28, 2021, for failure to "plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure".

By way of this motion, ALMONT asks to set aside the entry of default under FRCP 55(c) in that ALMONT'S failure to timely respond is due to mistake, inadvertence, and excusable neglect, and if necessary, default judgment under FRCP 60(b).  Crucially, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9TH Cir. 2010).

ALMONT'S failure to file a responsive pleading is due to the actions and inactions, of his attorney Amid Bahadori.  Mr. Bahadori failed to file a responsive pleading all while informing ALMONT that the second amended complaint would be thrown out due to defects and that he was filing the appropriate motions

3

for that purpose.   Accordingly, ALMONT respectfully requests that the entry of default be set aside due to the mistake, inadvertence and excusable neglect due to the failure of Mr. Bahadori to competently represent it.

## II.   GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Federal Rules of Civil Procedure, Rule 55(c) provides that "The court may set aside an entry of default for good cause." *Fed. R. Civ. Proc. 55(c).*  The "factors derived from the 'good cause' standard that governs the lifting of entries of default under Federal Rules of Civil Procedure 55(c) govern the vacating of a default judgment under Rule 60(b) as well". *TCI Grp. Life Ins. Plan v. Knoebber* (9th Cir. 2001), 244 F.3d 691, 696.

Federal Rules of Civil Procedure, Rule 60(b)(1) allows the court to set aside the default on the basis of "mistake, inadvertence, surprise, or excusable neglect", and Rule 60(b)(6) provides that the court may set aside the default for "any other reason that justified relief". *Fed. R. Civ. Proc. 60(b)(1) and (6).*

To determine whether good cause exists, the court must consider the following three factors: (1) whether the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has no meritorious defense; or (3) whether reopening the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yurban S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010) (*citing Franchise Holding II, LLC v. Huntington*

4

*Rests. Group, Inc.,* 375 F.3d 922, 925-26 (9th Cir. 2004)).  This is the same standard used for determining whether a default judgment should be set aside under Rule 60(b). *Id.*  The good cause test is disjunctive, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*  In considering these good cause factors, the Ninth Circuit instructs that the court is to be guided by the underlying policy concern that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)).

   **a. ALMONT is not culpable in its failure to answer Plaintiff's complaint as it was represented by counsel and justly believed that counsel was handling it.**

   The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan*, 244 F.3d at 697.  The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.*  "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'… and is therefore not necessarily – although it certainly may be, once the equitable factors are considered – culpable or inexcusable." *Id*. at 697-98.

5

ALMONT was represented by attorney Amid Bahadori at the time that an answer to Plaintiff's complaint was required.  ALMONT reasonably believed that Mr. Bahadori was handling the case and making an appropriate response.  This reasonable belief is based upon the information that attorney Bahadori was giving to ALMONT.  ALMONT was served with the second amended complaint on April 22, 2021, and Morad Matian reached out to Mr. Bahadori on that day requesting an update on the case.  (Declaration of Morad Matian ¶ 2; Attached as Exhibit 1, and incorporated herein for reference, is a true and correct copy of the text message communication.)  On May 12, 2021, Mr. Bahadori sent a text message to Mr. Matian stating that there is an initial hearing regarding the LLC on the next Friday, and that he will call Mr. Matian.  (Declaration of Morad Matian ¶ 3; Attached as Exhibit 2, and incorporated herein for reference, is a true and correct copy of the text message communication.)  Mr. Matian never heard from Mr. Bahadori and on May 24, 2021, Mr. Matian sent a text message to Mr. Bahadori stating he never heard from him and requesting an update, to which Mr. Bahadori replied that "we had the hearing on Friday and I am awaiting the outcome."  (Declaration of Morad Matian ¶ 4; Attached as Exhibit 3, and incorporated herein for reference, is a true and correct copy of the text message communication.)  On June 8, 2021, Mr. Bahadori sent a text message to Mr. Matian stating there was back and forth with the other side, and he filed a motion that they are opposing and trying to request a default.  Mr. Bahadori says, "I am

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTANCE, AND EXCUSABLE NEGLECT

finally in opposition to that" and that he hopes to have "everything done by the beginning of July". (Declaration of Morad Matian ¶ 5; Attached as Exhibit 4, and incorporated herein for reference, is a true and correct copy of the text message communication.) It is important to note that default was entered against ALMONT on May 28, 2021, so that at the time of this conversation default had been entered against ALMONT eleven days prior. It is clear that Mr. Bahadori was grossly misinforming his client.

Mr. Bahadori continued to mislead ALMONT. On July 8, 2021, Mr. Bahadori informed Mr. Matian that there had been a hearing on Tuesday and the court ruled in his favor but is giving Plaintiff another chance to amend their complaint, and that since there is nothing they can do to correct it, "we will likely be able to throw the case out after we challenge the amended complaint they will be filing". (Declaration of Morad Matian ¶ 6; Attached as Exhibit 5, and incorporated herein for reference, is a true and correct copy of the text message communication.) On August 4, 2021, Mr. Bahadori informed Mr. Matian that he received the amended complaint and must file a response by the end of the month, that they will do the same response, and have it kicked out, and that the court will likely not allow them to amend again. (Declaration of Morad Matian ¶ 7; Attached as Exhibit 6, and incorporated herein for reference, is a true and correct copy of the text message communication.) It had now been months since default was entered against ALMONT and Mr. Matian was being misled by his

attorney.  Continuing into October, on October 7, 2021, Mr. Bahadori informed Mr. Matian he will be sending him a declaration to sign and the next hearing is on November 4, 2021, "which will hopefully be the final hearing on it". (Declaration of Morad Matian ¶ 8; Attached as Exhibit 7, and incorporated herein for reference, is a true and correct copy of the text message communication.) After that time Mr. Matian reached out to Mr. Bahadori for updates on November 5, 2021, and November 9, 2021.  (Declaration of Morad Matian ¶ 9).  Finally on November 10, 2021, Mr. Bahadori responded that he is going through a dissolution of his practice and advised Mr. Matian to seek other counsel. (Declaration of Morad Matian ¶ 10; Attached as Exhibit 8, and incorporated herein for reference, is a true and correct copy of this text message).  ALMONT had been relying on the advice of its legal representation and had done everything it was asked to do as for participation in the case.  Mr. Bahadori flat our lied to ALMONT regarding the status of the case and continued to do so for six months after default had been entered.  Clearly ALMONT is not culpable in its failure to answer.

**b.  ALMONT has a meritorious defense.**

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy." *United States v. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.*  The

8

truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Plaintiff alleges that the transfer of the real property known as 121 S. Almont Dr., Beverly Hills, CA 90211, by grant deed to ALMONT was a fraudulent transfer made for the purpose of shielding the real estate from any potential personal liability of Mr. Matian. Mr. Matian used to live at this property, but when he moved out of the property and rented it, he created ALMONT and transferred the real property to ALMONT. (Declaration of Morad Matian ¶ 11). It is common for title to investment property to be held by an LLC.

### c. Setting aside the default will not have a prejudicial effect on Plaintiff.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Id.* at 701 (quoting *Falk*, 739 F.2d at 463). "Merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id.* Plaintiff received a quick default against ALMONT without being required to prove its allegations against ALMONT. Setting aside the default and requiring Plaintiff to litigate the matter will not hinder Plaintiff's ability to pursue its claim and will not result in greater harm than simply delaying the case. Particularly

9

considering that ALMONT was ready and willing to defend the case and would have done so if not for being grossly misled by its attorney, Plaintiff should have to litigate this matter on the merits.

## III. CONCLUSION

The Court should grant ALMONT'S motion to set aside the entry of default, and if necessary, default judgment, because ALMONT has shown that good cause exists for the Court to do so. ALMONT has no culpability in its failure to timely file a responsive pleading to Plaintiff's second amended complaint as it was represented by counsel and could reasonably be expected to rely on the legal advice of its counsel. ALMONT'S attorney's demonstrated behavior was atrocious, and he clearly flat out lied to ALMONT for at least six months as to the status of the case, all while ALMONT already had default entered against it. ALMONT has the ability to present a meritorious defense to Plaintiff's claim and Plaintiff will not be prejudiced by having to litigate this matter on the merits. For the foregoing, ALMONT respectfully requests the Court to set aside the entry of default, and if necessary default judgment entered against it.

Dated: 10/26/2022          LEGAL EXPRES

By: _Michael Callou_

Michael J. Callon, Attorney for
ALMONT WILSHIRE, LLC

## DECLARATION OF MORAD MATIAN

I, MORAD MATIAN, declare:

1. I am over the age of 18 and I am a party to this lawsuit. I am the managing member of ALMONT WILSHIRE, LLC ("ALMONT").

2. On April 22, 2021, I reached out to Mr. Bahadori via text message and requested an update on the case. Attached as Exhibit 1, and incorporated herein for reference, is a true and correct copy of this text message communication.

3. On May 12, 2021, Mr. Bahadori sent me a text message stating that there is an initial hearing regarding the LLC on the next Friday, and that he will call me. Attached as Exhibit 2, and incorporated herein for reference, is a true and correct copy of this text message.

4. I never heard from Mr. Bahadori and on May 24, 2021, I sent him a text message stating that I never heard from him and requesting an update. Mr. Bahadori replied saying, "we had the hearing on Friday and I am awaiting the outcome". Attached as Exhibit 3, and incorporated herein for reference, is a true and correct copy of this text message.

5. On June 8, 2021, Mr. Bahadori sent me a text message stating that there was back and forth with the other side and that he filed a motion that they are opposing and trying to request a default. He stated further that, "I am finally in opposition to that" and that he hopes to have "everything done by the beginning of July". Attached as Exhibit 4, and incorporated herein for reference, is a true and correct copy of this text message.

6. On July 8, 2021, Mr. Bahadori informed me that there had been a hearing on Tuesday and the court ruled in our favor but is giving Plaintiff another chance to amend their complaint, and since there is nothing they can do to correct it, "we will likely be able to throw the case out after we challenge the amended

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTANCE, AND EXCUSABLE NEGLECT

complaint they will be filing".  Attached as Exhibit 5, and incorporated herein for reference, is a true and correct copy of this text message.

7. On August 4, 2021, Mr. Bahahdori informed me that he received the amended complaint and must file a response by the end of the month, that he will do the same response and have it kicked out, and that the court will likely not allow them to amend again.  Attached as Exhibit 6, and incorporated herein for reference, is a true and correct copy of this text message.

8. On October 7, 2021, Mr. Bahadori informed me that he will be sending me a declaration to sign and that the next hearing is on November 4, 2021, stating, "which will hopefully be the final hearing on it."  Attached as Exhibit 7, and incorporated herein for reference, is a true and correct copy of this text message.

9. I reached out to Mr. Bahadori again for updates on November 5, 2021, and November 9, 2021.

10. On November 10, 2021, Mr. Bahadori responded to me and said he is going through a dissolution of his law practice and that I should seek other counsel. Attached as Exhibit 8, and incorporated herein for reference, is a true and correct copy of this text message.

11. I used to reside at 121 S. Almont Dr., Beverly Hills, CA 90211.  When I moved from the property and rented it, I created ALMONT and transferred title to the property to ALMONT.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.


Dated: 10/26/2022                         _____

DocuSigned by:

*Morad Matian*

Morad Matian

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTANCE, AND EXCUSABLE NEGLECT

**PROOF SERVICE**

1
2
     I, the undersigned, am over age 18, not a party to this action, and am employed in the County of Los Angeles. On the date stated below, I served foregoing document(s):

3
4
**DEFENDANT, ALMONT WILSHIRE, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT, IF NECESSARY DEFAULT JUDGMENT**

5
together with a copy of this Proof of Service, on the following parties and sent as follows:

6
7
8
Felix T. Woo
FTW Law Group
601 S. Figueroa St., Suite 1950
Los Angeles, CA 90017
*fwoo@ftwlawgroup.com*
Attorney for SHANGHAI XUANNI TECHNOLOGY, LTD.

9
10
11
12
[  ]   **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) with postage fully prepaid. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

13
14
15
[  ]   **BY FEDERAL EXPRESS (Next Business Day):** By placing a true copy thereof enclosed in a sealed envelope(s) with postage fully prepaid. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with Federal Express and, in the ordinary course of business, the correspondence would be deposited with Federal Express on the day on which it is collected at the business.

16
17
[  ]   **BY FACSIMILE:** I transmitted the document(s) listed above by facsimile transmission to the facsimile number(s) as indicated above. Such transmission was reported as complete without error.

18
19
[  ]   **BY EMAIL:** I transmitted the document(s) listed above by email to the email address(es) as indicated above. Such transmission was reported as complete without error.

20
21
     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22
     Executed on ____, 2022 at Los Angeles, California.

23
24
                             _____

25
26
27
28

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY,
DEFAULT JUDGMENT, FOR MISTAKE, INADVERTANCE, AND EXCUSABLE NEGLECT

DocuSign Envelope ID: 1DAB0675-B896-4BC8-AC1D-2E578A9EEE10

EXHIBIT 1

DocuSign Envelope ID: 1DAB0675-B89C-4BC8-AC1D-2F578A9EEF10

12:28 PM

**Thank you**

Thursday, April 22, 2021

Hi Mr amid hope you're doing well, I wanted to get an update on the case and also they served me today for the LLC that I have

1:23 PM

EXHIBIT 2

# Amid Bahadori

7:19 AM, May 12

Hi Mr. Morad - Hope all is well. I am sorry for the late reply as I did not get this until late last night. I have the initial hearing next Friday for the LLC part of the case. I will plan to reach out this Friday to go over any of the details and preparation for that hearing. Talk to you on Friday around noon if good for you



Copy text



Share



More

DocuSign Envelope ID: 1DAB0675-B98E-4BC8-AC1D-2E578A9EEF10

EXHIBIT 3



‹    A    **Amid Bahadori** ⌄                    ⋮

Thank you   2:41 PM

Monday, May 24, 2021

Hi Mr amid hope you're doing well, I didn't hear from you last Monday I just wanted to follow up on the case

10:35 AM

Hi Mr. Morad - thank you. We had the hearing on Friday and I am waiting on the outcome. I have been meaning to call you once I get that. I should know today or tomorrow on that and will advise

12:50 PM

EXHIBIT 4

 Amid Bahadori
8:51 AM, Jun 8

Hello Mr. Morad , I hope all is well on your end. There has been some back-and-forth with the other side. We file our motion but they are trying to oppose it and are trying to request a default. I am finally in opposition to that. I think we will go back-and-forth for the next few weeks but we shall hopefully have everything done by beginning of July

EXHIBIT 5



# Amid Bahadori

7:40 AM, Jul 8

Good Morning Mr. Morad - I hope all is well on your end. We had the hearing on the case this Tuesday and the court ruled in our favor but gives the other side one chance to amend the complaint to try to correct it. In this case since there is nothing they can do to correct the complaint we will likely be able to throw the case out after we challenge the amended complaint they will be filing. We need to respond to that the same way so the judge makes the decision final

DocuSign Envelope ID: 1DAB0675-B89E-4BC8-AC1D-2E578A9EEF10

EXHIBIT 6

# Amid Bahadori

6:18 AM, Aug 4

Hi Mr. Mourad - sorry, I thought the below was sent:

Hello Mr. Mourad, we received the amended complaint and must file our response by end of this month. We will do the same motion/challenge to the complaint to try to have it kicked out. The court usually allows for one amendment which they did here but they will not likely allow them to amend again after this motion. We should have a more detailed conversation this week coming up. I will likely be in LA also so can meet but it is essentially the same process as before. Thanks.

DocuSign Envelope ID: 1DAB0675-B886-4BC8-AC1D-2E578A9EEF10

EXHIBIT 7



# A  Amid Bahadori ⌄

Thursday, October 7, 2021

Hi Mr. Morad - I will be sending you the declaration to sign likely by tomorrow. We will have the next hearing on it on 11/4 which will hopefully be the final hearing on it. I will reach out with the doc for your signature. Thanks

8:26 AM

Hi Mr amid, thanks for letting me know, I hope so too it will be the final hearing

8:32 AM

EXHIBIT 8

DocuSign Envelope ID: 1DAB0675-B89C-4BC8-AC1D-2F578A9EEF10



# Amid Bahadori

9:06 AM, Nov 10

Dear Mr. Mourad, I am very sorry but I am going through a dissolution of my practice. I strongly suggest you seek another attorney to jump in immediately. They can contact me and I will be happy to help them with the transition in anyway I can. Please have them email me as soon as you retain counsel.