O

# United States District Court
# Central District of California

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CITY POCKET LOS ANGELES, INC. et al., <br><br> Defendants. | Case № 2:20-cv-07467-ODW (AFMx) <br><br> **ORDER DENYING MOTIONS TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT [130][131]** |

## I.        INTRODUCTION

Defendants Almont Wilshire LLC and Morad Matian move to set aside the defaults and default judgment entered against them pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1). (Mot. Set Aside Almont ("Mot. Almont"), ECF No. 130; Mot. Set Aside Matian ("Mot. Matian"), ECF No. 131.) For the reasons discussed below, the Court **DENIES** both motions.[1]

---

[1] After carefully considering the papers filed in support of the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In August 2020, Plaintiff Shanghai Xuanni Technology Co., Ltd. initiated this action against Defendants B&F Fedelini, Inc., Farhad Sadian, NER Precious Metals Inc., Pedram Shamekh, City Pocket Los Angeles, Inc., and Morad Matian. (Compl., ECF No. 1; *see also* First Am. Compl. ("FAC"), ECF No. 8; Second Am. Compl. ("SAC"), ECF No. 46.) Plaintiff alleges that these Defendants ordered fabric goods from Plaintiff, Plaintiff delivered the goods, and Defendants did not pay. (*See* FAC ¶¶ 10–18; SAC ¶¶ 11–19.) Plaintiff asserted twelve claims against these Defendants, for breach of contract, open book account, false promise, and alter ego liability. (SAC ¶¶ 28–102.) Plaintiff filed a Second Amended Complaint to add a thirteenth claim against Matian and new Defendant Almont Wilshire, LLC, asserting Matian fraudulently transferred property to evade Plaintiff's collection. (SAC ¶¶ 8, 103–13.)

Matian answered Plaintiff's First Amended Complaint, (Matian Answer FAC, ECF No. 28), but failed to answer Plaintiff's Second Amended Complaint. Almont, for its part, did not file an answer to the Second Amended Complaint. Accordingly, on May 28, 2021, and June 3, 2021, the Court entered default against Almont and Matian, respectively, as to the Second Amended Complaint. (Default Almont, ECF No. 53; Default Matian, ECF No. 58.)

Subsequently, on January 31, 2022, the Court sanctioned Matian for discovery misconduct, struck his answer to the First Amended Complaint, and granted default judgment in favor of Plaintiff and against Matian on the issue of Matian's liability on Plaintiff's contract and alter ego claims. (Order Granting Sanctions & Default J. 3, 6, ECF No. 82; *see also* Order Granting Pl.'s Mot. Sanctions, ECF No. 83.) On September 29, 2022, the Court awarded Plaintiff monetary damages against Matian. (Order re: Damages on Default J. 6, ECF No. 93.) Plaintiff has since obtained a Writ of Execution against Matian. (Writ Matian, ECF No. 125.)[2]

---

[2] Plaintiff also moves for default judgment against Matian and Almont on the fraudulent transfer claim. (*See* Mot. Default J., ECF No. 102.) The Court addresses that motion in a separate order.

On November 2, 2022, Matian moved to set aside the default and default judgment against him, (Mot. Matian), and Almont moved to set aside the default against it, (Mot. Almont). Plaintiff opposes both motions. (Opp'n Mot. Matian, ECF No. 132; Opp'n Mot. Almont, ECF No. 133; Decl. Felix T. Woo ISO Opp'ns ("Woo Decl."), ECF No. 134.) Neither Almont nor Matian filed a reply.

### III. LEGAL STANDARD

"Motions to vacate a default judgment . . . are cognizable under [Rule] 60(b)." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50 (2001). "Rule 60(b)(1) . . . grants district courts discretion to relieve a party from a judgment or order for reason of 'mistake, inadvertence, surprise, or excusable neglect,' provided that the party moves for such relief not more than a year after the judgment [or order] was entered." *Id.*; Fed. R. Civ. P. 60(b)(1), 60(c). "[T]he application of Rule 60(b) is committed to the discretion of the district courts." *TCI Grp.*, 244 F.3d at 695.

A motion for relief under Rule 60(b) must be made within a reasonable time, and if based on Rule 60(b)(1), no more than one year after entry of the challenged order or judgment. Fed. R. Civ. P. 60(c)(1); *TCI Grp.*, 244 F.3d at 695. Even where a motion is made within a year, a court may nevertheless find the motion untimely if "the defendant was guilty of laches or unreasonable delay." *Meadows v. Dominican Republic*, 817 F.2d 517, 520–21 (9th Cir. 1987). Whether a delay is reasonable "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

### IV. DISCUSSION

Almont's and Matian's motions are untimely, both in relation to the orders entering their defaults and the order entering default judgment against Matian.

### A. Orders Entering Defaults of Almont and Matian

On May 28, 2021, and June 3, 2021, the Court entered Almont's and Matian's defaults, respectively, on the Second Amended Complaint. Almont and Matian moved to set aside these defaults on November 2, 2022, more than seventeen months later. Accordingly, to the extent Almont and Matian seek to set aside the defaults entered against them, they filed their motions more than one year after the challenged order, and the motions are untimely. *See* Fed. R. Civ. P. 60(c)(1).

### B. Order Entering Default Judgment Against Matian

On January 31, 2022, the Court sanctioned Matian for discovery misconduct, struck his Answer to the First Amended Complaint, and entered default judgment against him. (Order Granting Sanctions & Default J. 3, 6.) Matian moved for relief from this default judgment on November 2, 2022, more than nine months later. Thus, to the extent Matian seeks to set aside the default judgment against him, the motion is not presumptively barred by Rule 60(c)(1)'s one-year limit.

Nevertheless, the record demonstrates that Matian's delay was not reasonable. Matian argues his failures in this case are the result of his prior attorney's incompetent and dishonest representation. (Mot. Matian 4, 7–9.) It is true that Matian's former attorney, Amid Bahadori, has since been disbarred in California. *See* State Bar of California, Attorney Profile—Amid Timothy Bahadori #242351, https://apps.calbar.ca.gov/attorney/Licensee/Detail/242351. However, "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *see also Pioneer Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 397 (1993) (holding that parties are "responsible for the acts and omissions of their chosen counsel").

Regardless, Bahadori's incompetence does not appear to be the main reason for the delay. As early as November 2021, Bahadori advised Matian that Matian needed to retain new counsel. (*See* Mot. Matian 9; Decl. Morad Matian ISO Matian Mot.

¶ 10, ECF No. 131.)  Further, the record demonstrates that Matian did retain new counsel by no later than January 4, 2022, because his new attorney Michael Callon contacted Plaintiff's counsel regarding this case on that date. (*See* Woo Decl. ¶¶ 3–5, Exs. B–C (Jan. 4, 2022 emails between Callon and Plaintiff's counsel), ECF Nos. 134-2, 134-3.)  Additionally, Plaintiff submits evidence that Matian knew of his default no later than January 4, 2022, and of the default judgment against him no later than February 3, 2022, because Plaintiff's counsel emailed Matian's new attorney copies of the Court's orders.  (*See* Woo Decl. ¶¶ 4, 7, Exs. C (Jan. 4), E (Feb. 3), ECF Nos. 134-3, 134-5.)  Despite retaining new counsel in January 2022, and learning of his default and default judgment by no later than February 3, 2022, Matian waited until November 2022 to seek relief from the Court's orders.  Matian does not address this more than nine-month delay in his motion. (*See generally* Mot. Matian.)  He also did not file a reply to address Plaintiff's opposition argument and evidence on this point.

      Matian fails to offer a reason for waiting more than nine months after learning of the grounds for his motion, and he thus cannot overcome the interest in finality and the potential prejudice to Plaintiff.  This is especially so given that the time to appeal the default judgment has passed and that Plaintiff has taken steps to execute on the judgment. *See Ashford*, 657 F.2d at 1055 ("Because the time for appeal had passed in this case, the interest in finality must be given great weight."); *cf. Meadows*, 817 F.2d at 521 (approving district court's consideration of attempts to execute on the judgment in evaluating delay).  Accordingly, in light of the facts of this case, the Court finds Matian's delay unreasonable. *See Brafman v. Nationwide Mut. Ins. Co.*, 606 F. App'x 374, 375–76 (9th Cir. 2015) (affirming that eleven-month delay was unreasonable, despite reason of attorney's illness, where party was aware of litigation and failed after numerous opportunities to engage in action before dismissal).

      Matian's unreasonable delay in moving to set aside the default judgment against him makes his motion untimely.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Almont's and Matian's Motions to Set Aside Default and Default Judgment. (ECF Nos. 130, 131.)

**IT IS SO ORDERED.**

February 10, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**