O

# United States District Court
# Central District of California

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CITY POCKET LOS ANGELES, INC. et al., <br><br> Defendants. | Case № 2:20-cv-07467-ODW (AFMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [102]** |

## I.  INTRODUCTION

Plaintiff Shanghai Xuanni Technology Co., Ltd. moves for entry of default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55 against Defendants Morad Matian and Almont Wilshire LLC on Plaintiff's sole remaining cause of action for fraudulent transfer of real property.  (Mot. Default J. ("Mot." or "Motion"), ECF No. 102.)  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.[1]

---

[1] After carefully considering the papers filed in support of the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In August 2020, Plaintiff initiated this action against Defendants B&F Fedelini, Inc., Farhad Sadian, NER Precious Metals Inc., Pedram Shamekh, City Pocket Los Angeles, Inc., and Morad Matian. (Compl., ECF No. 1; *see also* First Am. Compl. ("FAC"), ECF No. 8; Second Am. Compl. ("SAC"), ECF No. 46.) Plaintiff alleges that these Defendants ordered fabric goods from Plaintiff, Plaintiff delivered the goods, and Defendants did not pay. (*See* SAC ¶¶ 11–19.) Plaintiff initially asserted twelve claims against these Defendants for breach of contract, open book account, false promise, and alter ego liability. (SAC ¶¶ 28–102.)

On April 16, 2021, Plaintiff filed a Second Amended Complaint and added a thirteenth claim against Matian and new Defendant Almont, to void a fraudulent transfer of property pursuant to California Civil Code section 3439.04.[2] (SAC ¶¶ 8, 103–13.) Plaintiff alleges Matian knew he owed Plaintiff significant sums, and he also knew that Plaintiff sought to recover those sums from him including through this lawsuit. (SAC ¶ 105.) Plaintiff alleges that Matian owned real property ("Property") and transferred it to Almont, a limited liability company Matian solely owns and controls, to prevent Plaintiff from reaching the Property to satisfy Matian's debts. (SAC ¶¶ 104–13.) Through the thirteenth claim, Plaintiff seeks to void the transfer as fraudulent. (SAC ¶ 113.) Neither Almont nor Matian answered the Second Amended Complaint and on May 28, 2021, and June 3, 2021, the Clerk entered their respective defaults. (Default Almont, ECF No. 53; Default Matian, ECF No. 58.)

On January 31, 2022, the Court entered default judgment against B&F, Sadian, NER, Shamekh, City Pocket, and Matian on Plaintiff's contract and alter ego claims.[3] (Order Granting Sanctions & Default J. 3, 6, ECF No. 82; *see also* Order Granting Pl.'s Mot. Sanctions, ECF No. 83.) On September 29, 2022, the Court awarded Plaintiff

---

[2] Further statutory references are to the California Civil Code unless otherwise noted.

[3] On November 2, 2022, Matian moved to set aside the default and default judgment entered against him, and Almont moved to set aside the default entered against it. (Mots. Set Aside, ECF Nos. 130, 131.) The Court denied those motions in a separate order. (Order Den. Mots., ECF No. 137.)

2

monetary damages on these claims. (Order re: Damages on Default J. 6, ECF No. 93.) As relevant here, the Court awarded Plaintiff $890,675.94 against Matian. (*Id.*)

Thus, all causes of action have been resolved, save the thirteenth claim to void the allegedly fraudulent transfer. Plaintiff now moves for default judgment against Matian and Almont on that claim.[4]

### III.  LEGAL STANDARD

Rule 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). However, before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rule 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002) ("[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.").

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

---

[4] The Court **GRANTS** Plaintiff's Request for Judicial Notice ("RJN") of two Grant Deeds, (Exs. A, C), and Almont's Statement of Information ("SOI"), (Ex. B). (RJN Exs. A–C, ECF No. 105.) These documents are proper subjects of judicial notice as they are undisputed matters of public record and documents recorded by the County Recorder's Office. *See IV Sols., Inc. v. PacifiCare Life & Health Ins. Co.*, 804 F. App'x 497, 500 n.2 (9th Cir. 2020) (SOI); *Grant v. Aurora Loan Svcs., Inc.*, 736 F. Supp. 2d 1257, 1265 (C.D. Cal. 2010) (recorded documents). However, the Court **DENIES** the RJN as to the first two pages of Exhibit C because they are not clearly part of the judicially noticeable Grant Deed.

## IV. DISCUSSION

Plaintiff satisfies the procedural requirements and establishes that entry of default judgment against Matian and Almont is appropriate on Plaintiff's thirteenth claim for fraudulent transfer of the Property.

### A. Procedural Requirements

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1. Rule 55(b)(2) requires written notice on the defaulting party, if "the party against whom a default judgment is sought has appeared personally or by a representative."

Plaintiff meets these requirements. The Clerk entered the defaults of Almont and Matian on May 28, 2021, and June 3, 2021, respectively, on Plaintiff's SAC. (Default Almont; Default Matian.) Plaintiff's counsel declares that Defendants are not infants, incompetent persons, or servicemembers. (Decl. Felix T. Woo ISO Mot. ¶¶ 2–3, ECF No. 104.) Finally, Plaintiff served the Motion on Matian, who is also Almont's agent for service. (Mot. 6; RJN Ex. B ("Almont SOI"), ECF No. 105-2.) Thus, Plaintiff satisfies the procedural requirements.

### B. *Eitel* Factors

In considering whether entry of default judgment is warranted, courts consider the "*Eitel* factors": (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake; (5) the possibility of a material factual dispute; (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Vietnam Reform Party v. Viet Tan–Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal.

2019) (internal quotation marks omitted). Accordingly, the Court analyzes these two factors first.

### 1. Second & Third *Eitel* Factors

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (alteration in original). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[] are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

#### a. Fraudulent Transfer Claim

Plaintiff seeks to void the allegedly fraudulent transfer of the Property from Matian to Almont pursuant to California's Uniform Voidable Transactions Act ("UVTA").[5] (SAC ¶¶ 103–13 (citing § 3439.04).) California's UVTA allows creditors to set aside a debtor's fraudulent transfer of property "undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." *Kirkeby v. Superior Ct.*, 33 Cal. 4th 642, 648 (2004) (discussing § 3439.04(a)). A creditor must show that it is injured by the fraudulent transfer. *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (2001). A creditor is considered injured when a fraudulent transfer puts beyond the creditor's reach property the creditor would otherwise be able to reach for payment of the debt it is owed. *Id.*

A fraudulent transfer under the UVTA may be "actual" or "constructive"; it need not be both. *See* §§ 3439.04(a)(1) (actual), (a)(2) (constructive); *In re Still*, 393 B.R. 896, 917 (Bankr. C.D. Cal. 2008) ("Only one of the elements of § 3949.04(a)—either (a)(1) or (a)(2)—needs to be met to prevail under UFTA."), *aff'd*, 573 F. App'x 654 (9th Cir. 2014). To state an "actual" fraudulent transfer claim, a plaintiff must plead that the defendant made a transfer with the "actual intent to hinder, delay, or defraud any creditor of the debtor." § 3439.04(a)(1). The UVTA provides a non-exhaustive list

---

[5] Prior to 2015, the UVTA was known as the Uniform Fraudulent Transfer Act (UFTA"). *See Nautilus, Inc. v. Yang*, 11 Cal. App. 5th 33, 37 n.2 (2017).

of factors courts may consider when evaluating a transferor's "actual intent." § 3439.04(b)(1)–(11). As relevant here, courts may find actual intent where a property was transferred "to an insider," § 3439.04(b)(1); transferred so that "the debtor retained possession or control of the property transferred," *id.* § 3439.04(b)(2); transferred after "the debtor had been sued or threatened with suit," § 3439.04(b)(4), or transferred without an exchange of "reasonably equivalent" consideration," § 3439.04(b)(8).

The Court finds that Plaintiff states a claim for "actual intent" fraudulent transfer and, as such, need not consider whether Plaintiff also states a claim for "constructive" fraudulent transfer. *In re Still*, 393 B.R. at 917.

b. Actual Intent

Plaintiff alleges that Matian transferred the Property to Almont with "actual intent to hinder, delay, or defraud" Plaintiff, as Matian's creditor. (SAC ¶ 111 (quoting § 3439.04(a).) Plaintiff supports this assertion with factual allegations, including that Matian was the recorded owner of the Property from 2010 to August 2020, (SAC ¶ 104; RJN Ex. A ("2010 Grant Deed"), ECF No. 105-1), Matian knew by June 2020 that Plaintiff sought to recover hundreds of thousands of dollars that Matian owed to Plaintiff, (SAC ¶¶ 17, 22, 77, 105), and Matian subsequently transferred the Property via Grant Deed, on August 25, 2020 (executed), September 1, 2020 (notarized), and September 9, 2020 (recorded), (SAC ¶¶ 107–09; RJN Ex. C ("2020 Grant Deed"), ECF No. 105-3).

These allegations also support several of the statutory factors demonstrating "actual intent." (*See* SAC ¶ 112(ii)[6]; Mot. 4.) Matian transferred the Property to an insider, Almont, and retained possession of the Property as Almont's sole member, manager, and owner. (SAC ¶¶ 8, 112(ii); Almont SOI; §§ 3439.04(b)(1), (b)(2). Also, Matian transferred the Property knowing he owed Plaintiff hundreds of thousands of dollars, after Plaintiff threatened and then did sue him to recover those debts. (SAC ¶¶ 105–10, 112(ii)); § 3439.04(b)(4). Lastly, Matian transferred the Property to Almont

---

[6] Plaintiff numbers two paragraphs 112. The Court cites the first as ¶ 112(i) and the second as ¶ 112(ii).

for zero consideration. (*See* 2020 Grant Deed at 4 of 5); § 3439.04(b)(8). This last factor, "the lack of reasonably equivalent consideration[,] is a badge of fraud under the UFTA." *Nautilus*, 11 Cal. App. 5th at 48.

As "[t]here is no minimum number of factors that must be present before the scales tip in favor of finding actual intent to defraud," *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 834 (2005), the Court finds the above allegations sufficient to establish Matian's actual intent under the UVTA, to fraudulently transfer the Property to Almont and beyond Plaintiff's reach.

    c. Rule 9(b)

Finally, because a claim for fraudulent transfer under the UVTA is based in fraud, a plaintiff seeking relief on this claim in federal court must meet the heightened pleading requirements of Rule 9(b). *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1066 (N.D. Cal. 2014). The Court finds Plaintiff's allegations above sufficiently particularized to satisfy this requirement. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (finding plaintiffs pleaded sufficient particularity under Rule 9(b) where the pleading identified the "who, what, when, where, and how of the misconduct charged," as well as what was false and why).

Accepting Plaintiff's well-pleaded allegations as true, Plaintiff states a claim for actual fraudulent transfer of Property on which Plaintiff may recover. Accordingly, the second and third *Eitel* factors weigh in favor of entering default judgment.

  2. *Remaining Eitel Factors*

On balance, the remaining *Eitel* factors also weigh in favor of entering default judgment. Plaintiff would suffer prejudice absent entry of default judgment because it would have no recourse to avoid Matian's transfer of the Property, which may be necessary to satisfy Plaintiff's money judgment against Matian. The first and fourth factors—possibility of prejudice and sum of money at stake—therefore weigh in favor of default judgment.

1       Next, as Plaintiff's allegations are accepted as true on default, Matian's and Almont's failure to respond to the SAC minimizes the possibility that any facts are in dispute, and the Court finds nothing in the record to suggest a material dispute. Further, the Court sanctioned Matian for discovery misconduct, entered default judgment against him on Plaintiff's other claims, and denied Matian's and Almont's motions to set aside the defaults and default judgment against them. Thus, the record is clear that Defendants' default is not due to excusable neglect. Therefore, the fifth and sixth factors—possibility of dispute and excusable neglect—also weigh in favor of default judgment.

      Finally, the seventh factor—policy favoring decisions on the merits—always weighs in a defaulting defendant's favor, but Matian's and Almont's failures in this action prevent the Court from reaching a decision on the merits. Accordingly, this factor does not prevent the Court from entering judgment by default. *See Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except the seventh weighed in the plaintiff's favor).

      In sum, the *Eitel* factors favor entering default judgment against Matian and Almont on Plaintiff's claim for fraudulent transfer. Plaintiff is accordingly entitled to the remedies provided under the UVTA, that the transfer be voided to the extent necessary to satisfy Matian's debts to Plaintiff. *See* § 3439.07(a)(1).

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Matian and Almont, and orders that default judgment be entered in favor of Plaintiff and against Matian and Almont on the cause of action for fraudulent transfer of the Property. (ECF No. 102.)

**IT IS SO ORDERED.**

February 13, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**