O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SHANGHAI XUANNI TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CITY POCKET LOS ANGELES, INC. et al., <br><br> Defendants. | Case No. 2:20-cv-07467-ODW (AFMx) <br><br> **FINAL JUDGMENT** |

In August 2020, Plaintiff Shanghai Xuanni Technology Co., Ltd. initiated this action against Defendants B&F Fedelini, Inc. and Farhad Sadian (together, "B&F Defendants"); NER Precious Metals Inc. and Pedram Shamekh (together, "NER Defendants"); and City Pocket Los Angeles, Inc. and Morad Matian (together, "City Pocket Defendants"). (Compl., ECF No. 1; *see also* First Am. Compl. ("FAC"), ECF No. 8; Second Am. Compl. ("SAC"), ECF No. 46.) In the First Amended Complaint, Plaintiff asserted twelve claims against these Defendants for breach of contract, open book account, false promise, and alter ego liability. (FAC ¶¶ 27–101.) On April 16, 2021, Plaintiff filed a Second Amended Complaint and added a thirteenth claim against Matian and new Defendant Almont Wilshire LLC, to void Matian's fraudulent transfer of real property to Almont. (SAC ¶¶ 8, 103–13.)

On January 31, 2022, the Court granted default judgment on the issue of liability against B&F, Sadian, NER, Shamekh, City Pocket, and Matian. (Order Granting Sanctions & Default J. 3, 6–7, ECF No. 82; *see also* Order Granting Pl.'s Mot. Sanctions 7, ECF No. 83.) On September 29, 2022, the Court awarded Plaintiff monetary damages on these claims. (Order re: Damages on Default J. 6, ECF No. 93.) On February 13, 2023, the Court granted default judgment against Matian and Almont on Plaintiff's fraudulent transfer claim. (Order Granting Default J. 9, ECF No. 138.)

Pursuant to the Court's orders, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Plaintiff shall have Judgment in its favor on all Plaintiff's claims;
2. Plaintiff is entitled to recover monetary damages from Defendants as follows:
    a. $183,953.97 against B&F Defendants;
    b. $1,049,806.12 against NER Defendants;
    c. $890,675.94 against City Pocket Defendants; and
3. Matian's transfer to Almont of the real property at 121 S. Almont Drive, Beverly Hills, California, is deemed void to the extent necessary to satisfy Plaintiff's claim against Matian. *See* Cal. Civ. Code § 3439.07(a)(1).

The Court **VACATES** all dates and deadlines. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

February 13, 2023

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**